## Avey v. Burnley.

(Decided November 24, 1915.)

Appeal from Carlisle Circuit Court.

Receiver—Breach of Contract.—A defendant is not liable individually for his breach of a contract made by him as receiver.

E. T. BULLOCK for appellant.

JOHN E. KANE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellant Avey prosecutes this appeal from a judgment of the circuit court which sustained a demurrer to his petition seeking a judgment against Burnley for $312.40.

The petition alleges that in a suit pending in the Carlisle circuit court between E. W. Avey and S. W. Ables, involving a settlement of accounts between them, the defendant, J. B. Burnley, was appointed receiver, with instructions to take charge of certain property, including some growing corn in which Avey and Ables had an interest, and to gather the corn and crib and sell it and report his acts as receiver to the court; that Burnley, qualified as receiver, and at his sale of the property the plaintiff, E. W. Avey, bought the corn, which was in two cribs on the place, for fifty-five cents per bushel, at the crib; that Burnley represented to Avey there were 1,791 bushels of corn in the two cribs, and that Avey was to pay him $985.05 therefor, which was at the agreed price of fifty-five cents per bushel, and that Avey paid said sum to Burnley.

The petition further states that there were only 1,223 bushels of corn in the two cribs, and that Avey demanded of Burnley that he repay him $312.40 for the shortage, which amounted to 568 bushels, and that Burnley refused to repay any part of it.

The petition alleges that Avey bought the corn from Burnley as receiver, while Burnley is sued individually. There is no allegation of bad faith upon the part of Burnley; and, it does not appear whether he has turned the purchase money he received for the corn into court, or still has it.

Passing the question whether a petition against a receiver should affirmatively show that permission to sue the receiver had been granted by the court appointing him, there can be no doubt that the petition in this case is insufficient, because Avey sues Burnley individually on a contract made with him as receiver.

Judgment affirmed.